Death Opinion



















IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. PD-1724-13 & WR-80,782-01




SUZANNE KEARNS DEWALT, Appellant

v.

THE STATE OF TEXAS

&

EX PARTE SUZANNE KEARNS DEWALT, Applicant




ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW FROM THE
THIRD COURT OF APPEALS
 AND 
APPLICATION FOR A WRIT OF MANDAMUS
FROM CAUSE NO. CR2006-132 IN THE 207TH DISTRICT COURT
COMAL COUNTY




           Cochran, J., filed a concurring statement in which Johnson, J., joined.


           I join in the Court’s order refusing applicant’s petition for discretionary review, and
denying her petition for writ of mandamus, but I write separately (1) because I believe
applicant raises an important issue concerning the use of sex offender registration as a means
to keep track of a non-sex offender’s whereabouts, and (2) to note that kidnapping of a child
by that child’s parent or guardian is, as of April 2013, on the list


 of offenses for which early
termination of sex offender registration is available, and its absence from the list prior to that
date appears to have been inadvertent.
I.
           After losing a child custody battle, applicant fled to Mexico with her five-year-old
son. She was arrested there three years later and eventually convicted of aggravated
kidnapping.


 She received a five year sentence, which discharged in 2005. It is undisputed
that although applicant “has not been charged with or convicted of any ‘sex offense’ as that
term would normally be understood, it remains that her conviction for aggravated
kidnapping, coupled with a mandatory affirmative finding made by the district court that the
victim [applicant’s son] was less than 17 years of age at the time of the offense, established
a ‘reportable conviction’ that triggers Chapter 62's reporting obligations.”


 Applicant “is, in
the eyes of Texas law, a ‘sex offender’ who must self-report as such through the end of the
current decade.”


 Applicant filed a motion for early termination of her obligation to register
under Article 62.404. That Article provides, 
(a) A person required to register under this chapter who has requested and
received an individual risk assessment under Article 62.403 may file with the
trial court that sentenced the person for the reportable conviction or
adjudication a motion for early termination of the person’s obligation to
register under this chapter.
 
(b) A motion filed under this article must be accompanied by:
 
(1) a written explanation of how the reportable conviction or adjudication
giving rise to the movant’s registration under this chapter qualifies as a
reportable conviction or adjudication that appears on the list published under
Article 62.402(b); and
 
(2) a certified copy of a written report detailing the outcome of an individual
risk assessment evaluation conducted under Article 62.403(b)(1).




Applicant presented to the trial judge number (2), but not (1), because aggravated kidnapping
was not on the then-applicable list published under Article 62.402(b)–the list of offenses for
which early termination is permissible.


 The trial judge denied applicant’s motion for early
termination. I agree that this decision is not appealable or mandamusable. Nevertheless,
legislative history suggests that sex offender registration in these circumstances may be the
result of an unintentional legislative oversight. 
II.
           Texas first created a sex offender registration requirement in 1991.


 In 1999, the
Texas Legislature added kidnapping and aggravated kidnapping


 to the list of offenses
requiring sex offender registration if the victim was under 17 years of age at the time of the
offense.


 This amendment was a specific reaction to the federal Jacob Wetterling Crimes
Against Children and the Sexually Violent Offender Registration Act of 1994, which forced
states to choose between a reduction in federal funding or conforming sex offender
registration requirements to a federal standard.


 Although the Jacob Wetterling Act required
states to add kidnapping to their lists of registration-requiring offenses, the act contained an
explicit exception for kidnapping committed by a child’s parent.


 Furthermore, the Attorney
General’s guidelines recognized that, while federal law required registration of offenders
who commit offenses against minor victims, “[i]t is a matter of state discretion under these
clauses whether registration should be required for [kidnapping] in cases where the offender
is a parent of the victim.”


 Either intentionally or through oversight, the Texas Legislature
did not include any such exception.



            In 2005, Texas’s 79th Legislature, recognizing that “the registration program [had]
become too cumbersome and difficult to manage,”


 passed a law allowing for early
termination of sex offender registration for those convicted of offenses identified by the
Council on Sex Offender Treatment (the Council) as having longer registration requirements
under Texas law than under the federal Jacob Wetterling Act.


 Although the Jacob
Wetterling Act has always recognized a registration exception for parents who are convicted
of kidnapping their own children, the Council did not allow early termination in these
circumstances until April 2013.


 
III.
           Applicant was not entitled to relief from the trial judge because her motion for early
termination was filed before April 2013, and thus before a parent convicted of kidnapping
her own child fit the criteria for early termination as defined by the Council. Therefore the
trial judge did not err in denying her motion. However, because such an offender is now
eligible for early termination, applicant could now file another motion for early termination
with the trial judge.
           Although Texas now allows for discretionary early termination for parents convicted
of kidnapping their own children, Texas law still requires them to register for ten years, post
discharge.


 As the prosecutor noted at the hearing for early termination, “The reason we
have sex offenders register is so we know where they’re at.” But does that rationale apply
here? 
           Before 1999, sex offenders were those who committed sex crimes. The Jacob
Wetterling Act, along with many states’ registration laws, were passed in reaction to the
murder and sexual assault of a 7-year-old girl by a neighbor who, “unknown to the victim’s
family, had prior convictions for sex offenses against children.”


 Registration requirements
for certain crimes were established to “to prevent repeat sex offenses and to aid the
investigation of reported offenses.”


 The Texas Legislature intended to identify sex
offenders because of their purportedly high recidivism rates and because “the total number
of serious sex offenses are committed by a relatively small number of multiple and repeat sex
offenders.


 And while federal law and the majority of states’ laws


 do not require parents
who kidnap their children to register as sex offenders at all, Texas has either intentionally or
through oversight determined that these parents should register alongside predators convicted
of indecency with a child, sexual assault, compelling prostitution, and promotion of child
pornography.


 
           It is the legislature’s prerogative to determine which offenders warrant the additional
and more intense supervision of registered sex offenders. But the legislature may reexamine
whether the kidnapping of one’s own child is consistent with the legitimate and non-punitive
purpose of sex offender registration: public safety that is advanced by alerting the public to
the risk of sex offenders in their community.


 Perhaps the Texas Legislature will join the
federal government’s determination, and the determination of at least thirty-four other states,
that kidnapping one’s own child is not a sex offense and does not automatically require sex-offender registration.
Filed: April 9, 2014
Publish